D. David DeWald (Wyo. Bar. No. 7-5538)
Deputy Attorney General
Shannon Leininger (Wyo. Bar No. 8-6932)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-3442 (phone)
(307) 777-3542 (fax)
david.dewald@wyo.gov
shannon.leininger@wyo.gov

*Attorneys for Plaintiff State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and MICHAEL REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

## INTRODUCTION

1.  The Environmental Protection Agency (EPA) and its Administrator, Michael Regan, have failed to perform their nondiscretionary duty under the Clean Air Act to take action on Wyoming's state implementation plan (SIP) for the second planning period of regional haze (Regional Haze Round Two). The EPA has only twelve months to act on a state's SIP after determining that it is complete. 42 U.S.C. § 7410(k)(2). The EPA Regional Administrator sent a letter to Wyoming that Wyoming's SIP was complete on August 23, 2022. Exhibit 1. Accordingly, the deadline for EPA to act on Wyoming's SIP was August 23, 2023. Therefore, the Administrator is in violation of his nondiscretionary duty under the Clean Air Act. Wyoming seeks to compel the Administrator to perform this nondiscretionary duty.

## JURISDICTION

2.  The Administrator has a nondiscretionary duty to determine if a state's SIP meets the Act's applicable requirements. 42 U.S.C. § 7410(k)(2)-(4). Otherwise, the requirement that the Administrator act on a SIP within twelve months after determining the SIP is complete has no effect. *Id.*

3.  Because the Administrator has failed to make a formal determination on Wyoming's SIP, this Court has jurisdiction over this action. 42 U.S.C. § 7604(a)(2) (authorizing a citizen suit against the Administrator for failure to perform a nondiscretionary duty under the Clean Air Act); 28 U.S.C. § 1331 (federal

question jurisdiction); 28 U.S.C. § 1361 (authorizing action to compel an officer of the United States to perform their duties); 28 U.S.C. §§ 2201-02 (authorizing declaratory relief and further relief based on a declaratory judgment); and U.S.D.C.L.R. 83.6.

4. Congress has waived sovereign immunity by authorizing this action under 42 U.S.C. § 7604(a)(2).

5. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

6. The relief requested by Wyoming is authorized under 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

## NOTICE

7. A plaintiff who intends to bring an action "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" must notify the Administrator of its intent to sue sixty days before doing so. 42 U.S.C. § 7604(a)(2), (b)(2).

8. In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, on August 24, 2023, Plaintiffs mailed to Defendant by certified mail, return receipt requested, written notice of intent to sue regarding the violations alleged in this Complaint. Exhibit 2. EPA regulations provide that notice "shall be deemed given on the postmark date, if served by mail[.]" 40 C.F.R. § 54.2(d). More than the sixty

days required have passed since the EPA received the "notice of intent to sue" letter. As of the date of this petition, the EPA has not remedied the alleged violations.

## VENUE

9. This Court is a proper venue under 28 U.S.C. § 1391(e)(1) because this suit names an agency of the United States and an officer of the United States acting in his official capacity, and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## STANDING

10. Because the Clean Air Act provides that the EPA must approve a SIP that meets the Act's applicable requirements, Wyoming has a legally protected interest in the EPA acting on Wyoming's SIP in a timely manner. 42 U.S.C. § 7410(k)(3).

11. "When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant." *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007). Under 42 U.S.C. § 7604(a)(2), this action may result in an order for the EPA to perform its nondiscretionary duty. Accordingly, Wyoming has standing to ensure that the EPA reviews Wyoming's SIP under the statutorily required procedures.

12. Wyoming thus satisfies the Article III standing requirements of injury, causation, and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## PARTIES

13. The Plaintiff is the State of Wyoming. Wyoming brings this action on behalf of its Governor, residents, and itself to protect its interests as a regulator and sovereign responsible for protecting and preserving natural resources in trust. Wyoming is a "person" entitled to sue under 42 U.S.C. § 7602(e).

14. Defendant EPA is the federal agency charged with implementing the Act.

15. Defendant Michael Regan is the Administrator of the EPA. In that role, Administrator Regan has been charged by Congress with the duty to administer the Clean Air Act, and to take required regulatory actions according to the deadlines established by the Act, including the mandatory duties at issue in this case.

## LEGAL BACKGROUND

16. The regional haze program is an aesthetic goal focused on restoring visibility in national parks and wilderness areas to natural conditions. 42. U.S.C. § 7491(a)(1); *see also Wyoming v. EPA*, 78 F.4th 1171, 1175 (10th Cir. 2023). This part of the Clean Air Act is not focused on public health or welfare, because these values are protected through the Clean Air Act's ambient air quality standards. *See*

42 U.S.C. § 7409(b). Although Congress set a visibility goal, Congress did not make the goal mandatory or set a deadline for achieving it. *Id.*

17. Each State is required to "address regional haze in each mandatory Class I Federal area located within the State and in each mandatory Class I Federal area located outside the State which may be affected by emissions from within the State." 40 C.F.R. § 51.308(d).

18. In developing SIPs, states balance economic factors with visibility improvement to avoid major disruptions in industry. Congress required states to develop plans that ensure progress towards the visibility goal, but wanted states to weigh the benefits of making progress towards the visibility goal against the costs. *See* 42 U.S.C. § 7491(g)(1). Whereas the EPA was charged with reviewing SIPs and providing general guidance. *Id.*

19. In the second planning period, states must set reasonable progress goals to meet natural visibility in Class I Federal Areas by 2064. 40 C.F.R. § 51.308(d)(1). "The reasonable progress goals must provide for an improvement in visibility for the most impaired days over the period of the implementation plan and ensure no degradation in visibility for the least impaired days over the same period." *Id.* The applicable federal regulations also provide that if a state contains sources with emissions that are reasonably anticipated to contribute to visibility impairment in another state's Class 1 Federal Area with a reasonable progress goal above the

uniform rate of progress glidepath, the state must provide a "robust demonstration" that there are no additional reasonable emission reduction measures. 40 C.F.R. § 51.308(f)(3)(ii).

20. The Clean Air Act uses a cooperative-federalism model wherein states are empowered to create SIPs to meet and maintain national ambient air quality standards set by the EPA, and the EPA has the responsibility to review those SIPs. 42 U.S.C. § 7410(a). However, the EPA must approve a SIP that meets the Act's minimum applicable requirements. 42 U.S.C. § 7410(k)(3). The EPA has twelve months after it has provided a notification of completeness to act on a state's SIP. 42 U.S.C. § 7410(k)(2)-(4).

## FACTS

21. On August 10, 2022, Wyoming submitted a SIP addressing the regional haze requirements for Regional Haze Round Two, covering years 2018-2028. This SIP amends the 2003 SIP for the first planning period of regional haze. Based on Wyoming's analysis, Wyoming determined that its Class I Federal Areas are currently below the adjusted uniform rate of progress needed to achieve the 2064 visibility goals. Wyoming also projected that its Class I Federal Areas will remain below the rate of progress in 2028. Accordingly, Wyoming determined that no further emission reduction measures are needed beyond those required in the first planning period.

22. On August 23, 2022, the EPA Regional Administrator sent a letter to Wyoming determining that Wyoming's SIP was complete. Exhibit 1.

23. On August 24, 2023, Wyoming sent a letter to the EPA pointing out that the twelve month deadline under 42 U.S.C. § 7410(k)(2)-(4) had elapsed and requested that the EPA make a decision on Wyoming's SIP. Exhibit 2. In this letter, Wyoming formally notified the EPA that it would be filing this action after sixty days. Exhibit 2.

## COUNT I

**Declaratory Relief – Nondiscretionary Duty under 42 U.S.C. § 7410(k)(2)-(4)**

24. Wyoming incorporates by reference paragraphs 1 through 23.

25. The EPA and the Administrator have a nondiscretionary duty under 42 U.S.C. § 7410(k)(2)-(4) to determine whether Wyoming's SIP meets the Act's applicable requirements within twelve months of sending a notification of completeness.

26. More than twelve months have passed since Wyoming has submitted its SIP for Regional Haze Round Two.

27. The Administrator still has not determined whether Wyoming's SIP meets the Act's applicable requirements.

28. Wyoming is entitled to declaratory judgment.

## COUNT II

## Enforcement of a Nondiscretionary Duty

29. Wyoming incorporates by reference paragraphs 1 through 28.

30. Under 42 U.S.C. § 7604(a)(2), Wyoming may file an action against the Administrator for failure to perform any act or duty under this chapter which is not discretionary with the Administrator.

31. Further, the district court shall have jurisdiction to order the Administrator to perform the act or duty.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Declare that the Administrator is in violation of the Clean Air Act with regard to his failure to perform his mandatory duty;

B. Issue an injunction requiring the Administrator to perform his mandatory duties listed above by certain dates;

C. Retain jurisdiction of this matter for purposes of enforcing and effectuating the Court's order;

D. Grant such further relief as the Court deems just and proper.

Dated this 24th day of October, 2023.

/s/ *Shannon Leininger*
D. David DeWald (WSB No. 7-5538)
Deputy Attorney General
Shannon Leininger (WSB No. 8-6932)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-3442
(307) 777-3542 *facsimile*
david.dewald@wyo.gov
shannon.leininger@wyo.gov

*Attorneys for Plaintiff State of Wyoming*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of October, 2023, a true and correct copy of the foregoing was served upon the following via United States mail, first class, certified, return receipt requested:

| | |
|---|---|
| U. S. Environmental Protection Agency<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460 | Michael Regan, Administrator<br>Environmental Protection Agency<br>Office of the Administrator<br>Mail Code 1101A<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460 |
| Merrick B. Garland, U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | U.S. Attorney's Office<br>Attn: Civil Process Clerk<br>P.O. Box 668<br>Cheyenne, WY 82001-0068 |

/s/ Shannon Leininger
Assistant Attorney General